**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| TETRA TECHNOLOGIES, INC.,           )<br>                                                            )<br>                        Plaintiff,                  )<br>                                                            )<br>vs.                                                      )           Case No. CIV-07-1186-M<br>                                                            )<br>CRAIG HAMILTON, an individual,      )<br>                                                            )<br>                        Defendant.               ) | |

## **ORDER**

Before the Court is plaintiff's Motion for Preliminary Injunction, filed October 24, 2007. On December 11, 2007, defendant filed his response. On December 12, 2007, the Court conducted a hearing on plaintiff's motion.

I.      Background

Plaintiff Tetra Technologies, Inc. ("Tetra") is in the business of providing certain services within the oil and gas industry, including sales and rentals of polypipe. On or about April 16, 2007, defendant Craig Hamilton ("Hamilton") began his employment with Tetra. At the beginning of his employment, Hamilton signed an employment agreement entitled "Tetra Employment Agreement" ("TEA"). That agreement included a non-solicitation provision, which provides:

> a.  Employee covenants and agrees that at all times during the Term, and for a period of one (1) year thereafter, Employee will not, directly or indirectly (i) solicit or attempt to solicit any established customers of Company or entities affiliated with Company to patronize any similar business which competes with any material business of Company, (ii) solicit or attempt to solicit any similar business from any established customer of Company or entities affiliated with Company, (iii) request or advise any established customers of Company or entities affiliated with Company to withdraw, curtail or cancel such customer's business with Company, or (iv) disclose to any other person or entity the names or addresses of any of the established customers of Company or entities

>    affiliated with Company (collectively, the "Prohibited Activity" or "Prohibited Activities").
>
> b. For purposes of this Agreement, "established customer" shall mean any person or entity known to Employee or which reasonably should be known to Employee to be (1) a customer or patron of Company at the time of the prohibited solicitation or (2) to have been a customer or patron of Company at any time during the one-year period immediately preceding termination of Employee's employment, and for purposes of this paragraph 10, "Company or entities affiliated with Company" shall be deemed also to include, without limitation, Hamilton Polypipe, Inc., and BMW Environmental Lining Systems, Inc.

TEA at ¶ 10.[1]

On or about July 16, 2007, Hamilton terminated his employment with Tetra. After terminating his employment, Hamilton conducted business, including sales of polypipe, as Craig Hamilton Polypipe. On October 23, 2007, Tetra filed the instant action alleging that Hamilton violated the TEA by soliciting Tetra's established customers. On October 24, 2007, Tetra filed a Motion for Preliminary Injunction, requesting the Court to order Hamilton to immediately stop soliciting established customers of Tetra as prohibited by the terms of the TEA, to enforce the non-

---

[1]This non-solicitation provision mirrors the terms of Okla. Stat. tit. 15, § 219A, which provides:

> A. A person who makes an agreement with an employer, whether in writing or verbally, not to compete with the employer after the employment relationship has been terminated, shall be permitted to engage in the same business as that conducted by the former employer or in a similar business as that conducted by the former employer as long as the former employee does not directly solicit the sale of goods, services or a combination or goods and services from the established customers of the former employer.
>
> B. Any provision in a contract between an employer and an employee in conflict with the provisions of this section shall be void and unenforceable.

solicitation provision of the TEA, and to prohibit Hamilton from using Tetra's confidential information and trade secrets in violation of the TEA and a separate employment agreement related to confidential information.

II.     Discussion

A movant seeking a preliminary injunction must show: (1) a substantial likelihood of success on the merits; (2) irreparable injury to the movant if the injunction is denied; (3) the threatened injury to the movant outweighs the injury to the party opposing the preliminary injunction; and (4) the injunction would not be adverse to the public interest. *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 269 F.3d 1149, 1154 (10th Cir. 2001). "Because a preliminary injunction is an extraordinary remedy, the movant's right to relief must be clear and unequivocal." *Id.* (internal citation omitted). Whether to grant a preliminary injunction rests within the sound discretion of the trial court. *United States v. Power Eng'g Co.*, 191 F.3d 1224, 1230 (10th Cir. 1999).

Having heard the evidence presented, the Court finds that Tetra has not met its burden of showing a substantial likelihood of success on the merits. Specifically, the Court finds that Tetra has presented no evidence Hamilton violated the TEA by soliciting or attempting to solicit any established customers of Tetra, by requesting or advising any established customers of Tetra to withdraw, curtail, or cancel such customer's business with Tetra, or by disclosing to any other person or entity the names or addresses of any of the established customers of Tetra. In fact, all of the evidence presented at the hearing established that Hamilton did not contact any established customers but that the customers, themselves, contacted Hamilton about doing work for them. As such, the Court finds that Tetra has not shown that Hamilton directly solicited any of its established customers.

Additionally, the Court finds that Tetra has not met its burden of showing irreparable injury if the preliminary injunction is denied. "The party seeking injunctive relief must show that the injury complained of is of such *imminence* that there is a clear and present need for equitable relief to prevent irreparable harm." *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (internal quotations omitted) (emphasis in original). Further, "simple economic loss usually does not, in and of itself, constitute irreparable harm; such losses are compensable by monetary damages." *Id.* "A plaintiff suffers irreparable injury when the court would be unable to grant an effective monetary remedy after a full trial because such damages would be inadequate or difficult to ascertain." *Dominion Video*, 269 F.3d at 1156.

Tetra asserts that Hamilton's alleged continued violation of the TEA by soliciting its established customers has caused and will continue to cause Tetra to lose the value of its market share growth, to suffer harm to its goodwill with its customers, and to lose the value of the customers and contacts it obtained when it purchased Hamilton Polypipe Inc. Having heard the evidence presented, and the arguments of counsel, the Court finds that all of the above-referenced damages can be adequately remedied through an award of money damages. The Court, therefore, finds no irreparable injury.

The Court, therefore, finds that Tetra's motion for a preliminary injunction should be denied.[2]

---

[2] Because all four requirements for a preliminary injunction must be satisfied, and because the Court finds Tetra has failed to satisfy both the substantial likelihood of success on the merits requirement and the irreparable injury requirement, the Court declines to address the remaining two requirements.

III.	Conclusion

For the reasons set forth above, the Court DENIES Tetra's Motion for Preliminary Injunction [docket no. 3].

**IT IS SO ORDERED this 14th day of December, 2007.**

_____
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE