**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| TETRA TECHNOLOGIES, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-07-1186-M |
| | ) |
| CRAIG HAMILTON, an individual, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Before the Court is plaintiff's Motion for Protective Order and Request for an Expedited Ruling with Brief in Support, or in the Alternative, Request to Quash Notice, filed February 15, 2008. On February 19, 2008, defendant filed his response, and on February 20, 2008, plaintiff filed its reply. Based upon the parties' submissions, the Court makes its determination.

I.   Introduction

Plaintiff is in the business of providing certain services within the oil and gas industry, including sales and rentals of polypipe. Defendant is a former employee of plaintiff. On October 23, 2007, plaintiff filed the instant action alleging that defendant violated his employment agreement by soliciting plaintiff's established customers. In its Complaint, plaintiff alleges the following causes of action: (1) breach of contract, (2) tortuous interference with business relations, and (3) unjust enrichment.

Defendant has issued an Amended Notice to Take Deposition of Corporation [docket no. 37]. Plaintiff now moves this Court for a protective order regarding this deposition. Specifically, plaintiff requests the Court issue a protective order (1) preventing questions about certain topics designated in the notice that allegedly exceed the scope of discovery or otherwise invade a privilege; (2) requiring the date for the deposition to be rescheduled to at least three weeks following a legally

sufficient and properly narrowed notice of deposition provided by defendant; (3) requiring the deposition to take place at plaintiff's principle place of business in Houston, Texas; and (4) preventing disclosure of plaintiff's confidential client and customer lists.

## II. Discussion

### A. Topics of deposition

Plaintiff asserts that a protective order should be entered prohibiting the inquiry into certain topics set forth in the notice of deposition. Plaintiff contends that the disputed topics are irrelevant, overly burdensome, and require disclosure of confidential and privileged information.

Protective orders are governed by Federal Rule of Civil Procedure 26(c). That rule provides, in pertinent part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . . The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:
>
> *          *          *
>
> (B) specifying terms, including time and place, for the disclosure or discovery;
>
> *          *          *
>
> (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters; . . . .

Fed. R. Civ. P. 26(c)(1).

The party seeking a protective order must show "good cause" for its request. *Id.*; *Am. Benefit Life Ins. Co. v. Ille*, 87 F.R.D. 540, 543 (W.D. Okla. 1978). "'Good cause' within the meaning of

Rule 26(c) contemplates a 'particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements.'" *Am. Benefit*, 87 F.R.D. at 543 (quoting *Gen. Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973)).

Further, Federal Rule of Civil Procedure 26(b)(1) provides, in pertinent part:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).

### 1.     Topic No. 6

In Topic No. 6, defendant requests testimony regarding "The facts regarding any revenues received from entities that Tetra alleges that Craig Hamilton has solicited business from in violation of either of the Employment Agreements referred to in paragraphs 2 and/or 3 above." Plaintiff asserts that such information is not relevant, in any way, to whether defendant solicited or interfered with plaintiff's customers. Defendant contends that since plaintiff has raised issues of lost income and other alleged "harm" in this case, information regarding plaintiff's income from polypipe work in Oklahoma from entities plaintiff alleges defendant solicited business from is relevant.

Having carefully reviewed the parties' submissions, the Court finds that Topic No. 6 is relevant and/or is reasonably calculated to lead to the discovery of admissible evidence. Accordingly, the Court finds that questions regarding Topic No. 6 should not be prevented.

>  2.  Topic Nos. 9, 10, and 11

In Topic No. 9, defendant requests testimony regarding:

> The facts supporting the allegations in Count 1 of Tetra's Complaint regarding Tetra's alleged claim for breach of contract, including, but not limited to the following:
>
> a. The facts identifying the established customers of Tetra, which Tetra claims that the non-solicitation agreement restricts Craig Hamilton from doing business for a period of one year following this termination;
>
> b. The facts supporting Tetra's allegations, that Craig Hamilton "breached his employment contract by directly soliciting and obtaining business from Tetra's established customers";
>
> c. The facts supporting Tetra's allegations that "Tetra has been significantly damaged by this breach of the employment agreement"; and
>
> d. The facts supporting Tetra's allegations that "Tetra is entitled to damages for [Craig Hamilton's] breach of the contract."

In Topic No. 10, defendant requests testimony regarding:

> The facts supporting the allegations in Count II of Tetra's Complaint regarding tortuous interference with business relationships, including, but not limited to the following:
>
> a. The facts supporting Tetra's allegations that Craig Hamilton has "interfered with Tetra's business and contractual rights with its established customers";
>
> b. The facts supporting Tetra's allegations that Craig Hamilton's "interference with Tetra's business and contractual rights is malicious and wrongful and cannot be justified, privileged or excused";
>
> c. The facts supporting Tetra's allegations that Craig Hamilton's actions are "wrongful and malicious," and that Tetra has been damaged as a result of these actions"; and

    d.      The facts supporting Tetra's allegations that Tetra is entitled to punitive damages.

In Topic No. 11, defendant requests testimony regarding:

The facts supporting the allegations in Count III of Tetra's Complaint regarding unjust enrichment, including, but not limited to the following:

    a.      The facts supporting Tetra's allegations that Craig Hamilton "has obtained the benefits conferred by Tetra's confidential trade secret information and the use of Tetra's good will and by acquiring Tetra's established clients";

    b.      The facts supporting Tetra's allegations that "because of the circumstances under which these benefits were obtained, it would be inequitable to allow Craig Hamilton to retain such benefits without payment of their value to Tetra";

    c.      The facts supporting Tetra's allegation that Craig Hamilton "has been unjustly enriched"; and

    d.      The facts supporting Tetra's allegation that Craig Hamilton "has been unjustly enriched by obtaining established customers of Tetra," and that "Tetra is entitled to recover damages from Craig Hamilton as a result of this unjust enrichment."

Plaintiff asserts that it is improper for defendant to ask plaintiff to marshal all of its factual proof and prepare the witness to testify as to plaintiff's claims in this lawsuit. Plaintiff also asserts that these topics are over broad. Having carefully reviewed the parties' submissions and the information requested in Topic Nos. 9-11, the Court finds that these topics are not improper nor over broad. Accordingly, the Court finds that questions regarding these topics should not be prevented.

    3.      <u>Topic Nos. 12 and 13</u>

In Topic No. 12, defendant requests testimony regarding "The facts or methods of communication that Tetra used after its purchase of Hamilton Polypipe, LLC to notify the existing

customers of Hamilton Polypipe, LLC that Tetra is now the owner of Hamilton Polypipe, LLC." In Topic No. 13, defendant requests testimony regarding "The facts or methods of communication that Tetra used after its purchase of Hamilton Polypipe, LLC to notify its customers that Craig Hamilton had left the company."

Plaintiff asserts the information requested is irrelevant and has no bearing on whether defendant directly solicited plaintiff's customers. Plaintiff further asserts that these topics are overly broad in that they inquire as to communications plaintiff had with all of its customers, not just those related to polypipe sales in Oklahoma. Having carefully reviewed the parties' submissions, the Court finds that the information requested in Topic Nos. 12 and 13 is relevant and/or is reasonably calculated to lead to the discovery of admissible evidence. The Court, however, finds that these topics are overly broad to the extent that they inquire as to communications with all of plaintiff's customers and should be limited to only those customers related to polypipe sales in Oklahoma.

    4.  Topic No. 15

In Topic No. 15, defendant requests testimony regarding "The identity of all managers, employees, department heads that have involvement in the polypipe portion of Tetra's Fluids Division in Oklahoma beginning April 1, 2007 to the present." Plaintiff asserts this topic is vague in that it is unclear what is meant by the phrase "have involvement," and that to comply with the topic as written, plaintiff would have to identify each and every individual who has been involved in any way with its Oklahoma polypipe division and to learn everything about what they have done and import such knowledge on the Rule 30(b)(6) witness.

Having carefully reviewed the parties' submissions, the Court finds that Topic No. 15 is vague and over broad, and, thus, questions regarding this topic, as written, should be prohibited.

     5.    Topic No. 16

In Topic No. 16, defendant requests testimony regarding "The facts regarding any video/surveillance or audio recordings that relate in any way to Craig Hamilton, Craig Hamilton's family, and/or any other persons regarding the allegations in Tetra's Complaint." Plaintiff asserts that this information is protected by the work-product privilege and is not discoverable.

"The party seeking to assert . . . the work product doctrine as a bar to discovery has the burden of establishing that [it] is applicable." *Barclaysamerican Corp. v. Kane*, 746 F.2d 653, 656 (10th Cir. 1984). In its motion, plaintiff simply makes the conclusory statement that such information is protected by the work product privilege but provides no additional support for such a claim. The Court, accordingly, finds that plaintiff has not satisfied its burden of establishing that the work product doctrine applies to the information at issue. Accordingly, the Court finds that questions regarding this topic should not be prohibited.

     6.    Topic No. 17

In Topic No. 17, defendant requests testimony regarding "The identity [of] all customers that request services from Tetra regarding polypipe." Plaintiff asserts that information regarding all current polypipe customers of plaintiff is irrelevant to this case. Plaintiff further contends that defendant is not entitled to discover additional potential customers for him to solicit.

Having carefully reviewed the parties' submissions, the Court finds that the information requested in Topic No. 17 is relevant and/or is reasonably calculated to lead to the discovery of admissible evidence. However, due to the nature of the information requested, the Court finds that a protective order strictly limiting who has access to this information should be entered and directs the parties to work together to prepare such an order for the Court's signature.

### 7.  Topic Nos. 18 and 19

In Topic No. 18, defendant requests testimony regarding "The identity of all customers who fired and/or stopped doing business with Tetra since April 2007 to the present date, and all facts surrounding the circumstances of each company as to why they stopped doing business with Tetra." In Topic No. 19, defendant requests testimony regarding "The facts regarding any incidents, complaints, reports, formal or informal, from Tetra's former or current polypipe customers."

Plaintiff asserts that the information requested in these topics is irrelevant and not likely to lead to admissible evidence. Plaintiff further asserts that the use of the words "incident" and "report" further adds to the vagueness of Topic No. 19. Defendant contends that this information is relevant because a key issue in this case is why customers did not use plaintiff.

Having carefully reviewed the parties' submissions, the Court finds that the information requested in Topic Nos. 18 and 19 is relevant and/or is reasonably calculated to lead to the discovery of admissible evidence. Further, the Court finds that Topic No. 19 is not vague. Accordingly, the Court finds that questions regarding these topics should not be prohibited.

### B.  Additional time

Plaintiff contends that additional time is needed to adequately prepare the witness(es) for the Rule 30(b)(6) deposition. Specifically, plaintiff requests the deposition be rescheduled to at least three weeks following a proper notice of deposition. In his response, defendant does not address the issue of whether the deposition should be rescheduled. Having carefully reviewed plaintiff's motion, the Court finds that the Rule 30(b)(6) deposition should be rescheduled to a date at least 3 weeks from the date of this Order.

C.   Place of deposition

Plaintiff moves this Court to require the Rule 30(b)(6) deposition to be conducted at plaintiff's principle place of business in Houston, Texas. There are two general rules that govern the location of a deposition. First, a plaintiff is generally required to make himself available for a deposition in the district in which suit is brought. 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure: Civil § 2112 (2d ed. 1994). Second, a deposition of a corporation by its agents and officers should ordinarily be taken at its principal place of business. *Id.* Further, when applying these general rules, a court should consider factors of cost and convenience. *Id.*

Having carefully reviewed the parties' submissions, and having considered the above general rules and the cost and convenience to the parties, the Court finds that the Rule 30(b)(6) deposition should be conducted in the city where the Rule 30(b)(6) witness works, i.e. if the witness works out of plaintiff's Houston office, the deposition should be conducted in Houston; whereas, if the witness works out of plaintiff's Yukon office, the deposition should be conducted in either Yukon or Oklahoma City.

III.   Conclusion

Accordingly, for the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART plaintiff's Motion for Protective Order and Request for an Expedited Ruling with Brief in Support, or in the Alternative, Request to Quash Notice [docket no. 38] as follows:

(A)   The Court DENIES plaintiff's motion as to Topic Nos. 6, 9, 10, 11, 12, as limited as set forth above; 13, as limited as set forth above; 16; 17, as limited as set forth above; 18; and 19.

(B)   The Court GRANTS plaintiff's motion as to Topic No. 15.

(C)     The Court GRANTS plaintiff's requested three week extension of the deposition.

(D)     The Court FINDS that the Rule 30(b)(6) deposition should be conducted in the city where the Rule 30(b)(6) witness works.

**IT IS SO ORDERED this 22nd day of February, 2008.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE