**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| TETRA TECHNOLOGIES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-07-1186-M |
| ) | |
| CRAIG HAMILTON, an individual, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Before the Court is plaintiff's Motion to Compel, filed June 23, 2008. On July 15, 2008, defendant filed his response, and on July 25, 2008, plaintiff filed its reply. Based upon the parties' submissions, the Court makes its determination.

Plaintiff moves the Court to order defendant to respond to certain discovery requests, to provide plaintiff with a supplemental Rule 26 disclosure statement, and to pay plaintiff's costs and attorneys' fees incurred in filing the motion to compel. Having reviewed the parties' submissions, it appears that only four discovery issues remain that require the Court's resolution: (1) the production of defendant's cell phone records; (2) defendant's Rule 26 disclosures; (3) defendant's responses referencing the transcript and materials presented at the injunction hearing; and (4) the 2006 tax return and financial records of CHP.

I.   Cell Phone Records

Plaintiff's Request for Production No. 9 provides: "Produce the complete phone records since April 16, 2007, for the personal cellular phone used by you for business-related purposes." Defendant's supplemental response provides: "Hamilton does not and did not maintain copies of cell phone bills and has no such documents in his possession to produce in response to this Request."

"Courts have universally held that documents are deemed to be within the possession, custody or control if the party has actual possession, custody or control *or has the legal right to obtain the documents on demand.*" *Starlight Int'l Inc. v. Herlihy*, 186 F.R.D. 626, 635 (D. Kan. 1999) (internal quotations and citations omitted) (emphasis in original). As the subscriber/user of the cell phone service, the Court finds defendant has the legal right to obtain the cell phone records requested in Request for Production No. 9. The Court, accordingly, finds that defendant should be compelled to produce said phone records.

II.     Rule 26 Disclosures

On April 14, 2008, defendant filed certain counterclaims against plaintiff. On May 10, 2008, plaintiff asked defendant to supplement his Rule 26 disclosures to include items related to his counterclaims. During the Rule 37 conference, defendant agreed to provide supplemental Rule 26 disclosures to include items related to his counterclaims. On July 15, 2008, defendant provided the following supplemental Rule 26 disclosures to plaintiff:

> As for damages claimed via the Counter-Claim in this case for various tort damages caused by Tetra, Hamilton alleges a) $75,000 for the costs of the attorneys' fees and costs to date caused by his having to defend this baseless case filed by Tetra, b) $500,000 for consequential damages and distress caused by Tetra as a result of the facts alleged in the Counter-Claim, and c) punitive damages of at least $500,000 and as much as $2 million as exemplary damages to prevent Tetra from doing to other former employees what it did to Hamilton in this case.

Plaintiff asserts that defendant's supplemental Rule 26 disclosures are inadequate and incomplete. Specifically, plaintiff asserts that in his supplemental disclosures defendant did not list witnesses, identify documents or produce documents that may be used to support his claims as

required by Rule 26(a)(1) and did not provide any documents or even a list of those documents that support his damage calculation as required by Rule 26(a)(1)(A)(iii).

Having carefully reviewed the parties' submissions, the Court finds that defendant's supplemental Rule 26 disclosures are incomplete. Specifically, the Court finds that defendant must list witnesses and identify documents that may be used to support his counterclaims, or at least note that there are no additional witnesses or documents to support his counterclaims, and that defendant must provide a list of, and make available, those documents that support his damage calculation.

### III.   Interrogatories 3, 14, 16, 17, and 20

In response to plaintiff's Interrogatories 3, 14, 16, 17, and 20, defendant directs plaintiff to the transcript of the preliminary injunction hearing and the evidence presented therein. Plaintiff contends that it is improper for defendant to rely on the transcript as his sole response to these discovery requests. Defendant asserts that a party may reference testimony at a hearing in responding to written discovery requests.

"[Hearing] testimony does not necessarily equate with answering interrogatories." *Pulsecard, Inc. v. Discover Card Servs., Inc.*, 168 F.R.D. 295, 305 (D. Kan. 1996). "When complete answers are contained in prior [testimony], [however,] then a motion to compel answers to subsequent interrogatories seeking to elicit the same information should be denied as burdensome, vexatious, oppressive and totally without justification." *Id.* at 305-06 (internal quotations omitted). The party, however,

> must make a showing sufficiently particularized to advise the Court to what extent the interrogatories propounded to [him] are a duplication of matters previously covered in the [prior testimony]. To support an objection based on duplication one must demonstrate that the [testifying witness] completely answered the interrogatories.

*Id.* at 306 (internal quotations and citation omitted).

Having carefully reviewed the parties' submissions and defendant's responses to the interrogatories, the Court finds defendant has failed to show that Interrogatories 3, 14, 16, 17, and 20 are duplicative of defendant's preliminary injunction testimony or that the hearing testimony completely answers the propounded interrogatories. In fact, defendant does not even identify which portion of his testimony is responsive to which interrogatory. Accordingly, the Court finds that defendant should be compelled to provide complete responses to these interrogatories.

IV.     2006 Tax Return and Financial Records

Plaintiff's Request for Production No. 13 provides: "Produce all tax returns and financial statements of CHP." Defendant has agreed to produce CHP's 2007 tax return but has not agreed to produce the 2006 tax return or the financial records of CHP. Plaintiff asserts the income CHP has derived from defendant's competition is clearly relevant to the issues in this case and contends defendant should be compelled to produce the 2006 tax return and financial records of CHP. In his response, defendant does not address the production of the 2006 tax return and financial records of CHP. Having carefully reviewed the parties' submissions, the Court finds that the 2006 tax return and financial records are relevant and/or are reasonably calculated to lead to the discovery of admissible evidence. Accordingly, the Court finds that defendant should be compelled to produce the 2006 tax return and financial records of CHP.

V.      Attorneys' Fees and Costs

In its motion, plaintiff also requests attorneys' fees and costs pursuant to Federal Rule of Civil Procedure 37. Defendant did not address plaintiff's request for attorneys' fees and costs in his response.

Rule 37(a)(5)(A) provides:

> If the motion is granted – or if the disclosure or requested discovery is provided after the motion was filed – the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A).

Having carefully reviewed the parties' submissions, the Court finds that an award of attorneys' fees and costs to plaintiff is appropriate in this case. First, defendant has provided no explanation for his failure to timely provide the supplemental responses and disclosures he had agreed to provide by June 1, 2008 and which were not provided until defendant filed his response to plaintiff's motion to compel. Second, the Court finds defendant's nondisclosure, responses and objections were not substantially justified. Finally, the Court finds there are no other circumstances which would make an award of expenses unjust in this case. Accordingly, the Court finds that defendant and his counsel should pay plaintiff the costs and attorneys' fees associated with filing its motion to compel and reply.[1]

---

[1] Plaintiff is hereby directed to submit its costs and attorneys' fees to defendant for payment. If defendant objects to said amount, and the parties are unable to reach a resolution, the parties may file an appropriate motion with the Court.

VI.    Conclusion

For the reasons set forth above, the Court GRANTS plaintiff's Motion to Compel [docket no. 67] as follows:

(A)    The Court hereby ORDERS defendant to produce to plaintiff the complete phone records since April 16, 2007, for the personal cellular phone used by defendant for business-related purposes; to supplement his disclosures to list witnesses and identify documents that may be used to support his counterclaims, or at least note that there are no additional witnesses or documents to support his counterclaims, and to provide a list of, and make available, those documents that support his damage calculation; to provide complete responses to Interrogatories 3, 14, 16, 17, and 20; and to produce the 2006 tax return and financial records of CHP. Defendant shall provide the above to plaintiff on or before August 18, 2008.

(B)    The Court ORDERS defendant and his counsel to pay plaintiff the costs and attorneys' fees associated with filing its motion to compel and reply.

**IT IS SO ORDERED this 7th day of August, 2008.**

_/s/ Vicki Miles-LaGrange_
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE